# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARCELLA SHIRLEY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　Case No. 8:07-cv-2163-T-30TBM

**SAFECO INSURANCE COMPANY OF ILLINOIS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Safeco Insurance Company of Illinois's ("Safeco") Motion to Strike (Dkt. 36) and Plaintiff Marcella Shirley's Memorandum in Opposition (Dkt. 38). The Court, having considered the motion, memorandum in opposition, and being otherwise advised on the premises, finds that Defendant's motion should be denied.

Safeco moves to strike exhibits 1-11 and 13-17 from Plaintiff's Memorandum in Opposition (Dkt. 35) to Safeco's Motion for Summary Judgment (Dkt. 32) pursuant to Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804. Exhibits 1-11 are transcripts from the state criminal trial of Daniel A. Norris. Trial transcripts are widely held to be admissible at the summary judgment phase. Beiswenger Enterprises Corp. v. Carletta 46 F.Supp.2d 1297, 1299 (M.D.Fla.,1999) (citing Langston v. Johnson, 478 F.2d 915, 917 n. 17 (D.C. Cir. 1973). "Trial testimony, even when from a proceeding in which the parties,

subject matter, and counsel are not the same can be used because it is sworn testimony which is at least as reliable as that found in affidavits. Id. Therefore, Exhibits 1-11 will not be stricken.

Exhibits 13-17 are transcripts of depositions taken in the state civil case entitled Jerome Russ etc. v. Daniel A. Norris and Carolyn Norris, in the Circuit Court of the Tenth Judicial Circuit, Polk County, Florida. Rule 32(a)(8) of the Federal Rules of Civil Procedure, allows these use of deposition testimony from a separate action if the current action is between the same parties involving the same subject matter or as allowed by the Federal Rules of Evidence. Federal Rule of Evidence 804(b)(1) adds that deposition testimony from an earlier action, whether or not the parties are the same, is allowed if the party against whom the testimony is offered, "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." The Eleventh Circuit has interpreted these rules together to permit the use of deposition testimony taken in a different proceeding as long as the party against whom the testimony is offered "was provided with an opportunity to examine the deponent." Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 750-751 (11th Cir. 2002). The current action was removed to this Court on November 27, 2007. According to the Case Management and Scheduling Order (Dkt. 15), the fact discovery deadline was October 3, 2008. During that time, Safeco had ample opportunity to conduct its own depositions of the witnesses and develop the record. However, prior to ruling on the motion for Summary Judgment, the Court will give Safeco the opportunity to depose these witnesses if it considers it necessary.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Strike (Dkt. 36) is **DENIED**.

2. Safeco is given five (5) days from the date of this order to advise the Court in writing if it wishes to depose any of these witnesses and, if so, the amount of time needed to do so.

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2163.mt strike.frm