**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARCELLA SHIRLEY,

    Plaintiff,

v.                                     Case No. 8:07-cv-2163-T-30TBM

SAFECO INSURANCE COMPANY
OF ILLINOIS,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Safeco Insurance Company of Illinois's Motion for Final Summary Judgment (Dkt. 32) and Plaintiff's Memorandum in Opposition (Dkt. 35). The Court, having considered the motion, the response, and being other advised on the premises, finds the Defendant's Motion should be granted.

### Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**Background**

On November 6, 2004, a vehicle driven by Daniel Norris, Jr. crashed and rolled over on a rural highway resulting in the death of passenger Mitch Venable.[1]  Prior to the crash, a group of people were gathered in an otherwise empty parking lot.  Some of the group were standing together and some were sitting in their cars.

In the early morning hours around 3:00 am, Daniel Hyde drove past the parking lot and swerved toward Paul Gavin, who was standing on the grassy partition between the sidewalk and the road.  Gavin kicked at Hyde's car, either before or after Hyde swerved towards him.  During this time, Lance Crumbley was sitting in his car with his girlfriend, away from the rest of the group.  When he saw Hyde's car go by and heard the group yelling, Crumbley drove out of the lot and pulled up behind Hyde, who was stopped in the road.  Hyde began to drive and Crumbley followed.  Without any encouragement from or discussion with Crumbley, Norris and the others jumped in their cars and chased after Crumbley and Hyde.

As the chase progressed, Norris, driving a truck with Venable in the bed of the truck, passed the other cars and followed directly behind Hyde.  At some point, all of the other chase participants, including Crumbley, stopped chasing and pulled over to the side of the road.  Norris, however, continued to follow Hyde as he turned onto another road.  None of the other chase participants could see Norris or Hyde after they turned.

---

[1] Plaintiff Marcella Shirley is the mother of the deceased Mitchell Venable and brought this action on behalf of his estate.

Somewhere along the road, Hyde turned into his driveway. Hyde was unaware of what happened to the vehicles following him after he turned into his driveway. Norris crashed at least two miles past the intersection where no other chasers continued to follow.

**Discussion**

This action arises under an uninsured motorist provision in Norris's insurance policy issued by Safeco Insurance Company of Illinois ("Safeco"). Venable is a Class II insured under the policy as a permissive passenger in Norris's truck. Fla. Stat. §627.727 (2009). As an insured under the policy, Venable is entitled to uninsured motorist coverage if he would be legally entitled to recover from the owner or operator of the uninsured motor vehicle. See Fla. Stat. §627.727 (2009). The issue here, is whether Venable would be legally entitled to recover directly from Crumbley, who is an allegedly under-insured motorist.

Plaintiff contends that Crumbley is liable based on his participation in the chase of Hyde. In support of this argument, Plaintiff cites to a number of cases, from various states, that suggest participants in a street race are liable for injuries proximately caused by the race, even if the accident involved only other race participants. See Bybee v. Shanks, 253 S.W.2d 257 (Ky. 1952); Reader v. Ottis, 180 N.W. 117 (1920); Skipper v. Hartley, 130 S.E.2d 486 (1963); O'Brien v. Mansfield, 941 S.W.2d 582 (Mo. Court. App. W.D. 1997); Skroh v. Newby, 237 So.2d 548 (Fla. 1st DCA 1970).

Though Plaintiff argues otherwise, it is clear that there is a distinction between a race and the chase in this case. The common reasoning among the cited cases relates to the fact that a race is a concerted or joint act. A concerted action is one that "has been planned,

arranged, and agreed on by parties acting together to further some scheme or cause." Black's Law Dictionary 283 (7th ed. 1999). In contrast to a race, in which all parties must have agreed to participate, participants in a chase may have joined independently of one another. Only one person is needed to start a chase of another person. The person being chased, for example, does not have to consent for a chase to occur. (In fact, he or she might be quite opposed to it.) In a race, however, there must be at least two participants choosing to compete against each other. Therefore, a party alleging that a chase is a joint effort must present some evidence of an agreement or a plan. The agreement need not be elaborate but there must be some meeting of the minds.

Here, there is no evidence in the record that the chase of Hyde was undertaken as a joint effort. Even though more than one car followed Hyde, Plaintiff has failed to point to any evidence that the chase participants had any agreed upon plan to chase Hyde. Crumbley was not even with the rest of the group when he left the parking lot and pulled up behind Hyde. Crumbley began chasing Hyde independently of the others who eventually began to chase. Without evidence of a joint enterprise, Crumbley cannot be held liable for injuries from a crash in which he was not involved and Safeco, therefore, has no duty to pay under the Uninsured Motorist provision of the policy.

Finally, Plaintiff stated in its response to the motion for summary judgment, that there is a dispute as to whether Crumbley continued the chase beyond the intersection at which Norris and Hyde turned and whether Crumbley was the actual proximate cause of the crash. Plaintiff, however, notes only that there were rumors, days and weeks later, that Crumbley

caused the accident but fails to cite any direct evidence that Crumbley continued in the chase beyond the intersection or that Crumbley was involved in the accident at all. The Plaintiff cites to Crumbley's testimony in Norris's criminal case, where Crumbley states that there were such rumors, but he is clear that he stopped the chase with the others and there is no evidence to the contrary.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. 32) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

3. The Clerk is also directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2163.msj.frm